**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**ROBERT MITRANO,**

<table>
<tr><td>**Plaintiff,**</td><td>**No.** _____</td></tr>
</table>

**-against-**

**PORTFOLIO RECOVERY ASSOCIATES,**
**LLC and FORSTER & GARBUS, LLP,**

**Defendants.**

# COMPLAINT

## INTRODUCTION

1. This complaint alleges a consumer class action brought by Plaintiff for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business here, the conduct complained of occurred here, and the interests of justice require maintenance of this action in this District.

## PARTIES

3. Plaintiff Robert Mitrano ("Mitrano") is a natural person residing in this District in the County of Wayne, State of New York.

4. Defendant Portfolio Recovery Associates, LLC ("Portfolio"), is a foreign

limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5. Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic registered limited liability partnership law firm engaged in the business of collecting debts in New York and is authorized to do business in this state, and has a principal place of business at 60 Motor Parkway, Commack, New York 11725.

6. Portfolio is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Portfolio itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

7. Here, Portfolio purports to have purchased the right to collect a debt from Mitrano after that alleged debt had already gone into default.

8. Forster & Garbus is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Mitrano qualifies for purposes of this action as individual consumer pursuant to the FDCPA, as that term is defined in 15 U.S.C. § 1692a(3).

2

10. The debt sought to be collected by Portfolio and Forster & Garbus, LLP was an alleged consumer credit debt of Mitrano to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

**FACTUAL ALLEGATIONS**

11. On or about May 18, 2015, Portfolio by its attorneys, Forster & Garbus, served a debt collection summons and complaint against Mitrano in Supreme Court, Wayne County, State of New York, entitled *Portfolio Recovery Associates, LLC A/P/O Dell Financial Services v. Rob Mitrano*, Index No. 78430/15.

12. The complaint in the collection action alleged a single cause of action in which Portfolio, a debt buyer, alleged that it purchased and owned a credit card account, already in default, on which Mitrano was liable for $3,650.31. The collection summons and complaint misrepresented the plaintiff as Portfolio Recovery Associates, LLC A/P/O Dell Financial Services.

13. Subsequent to service of the collection summons and complaint, in May of 2015, Mitrano received from Portfolio and Forster & Garbus a collection letter dated May 21, 2015 ("Collection Letter") together with a duplicate copy of the summons and complaint attached. The Collection Letter, with the attached summons and complaint, is attached hereto as Exhibit A.

14. Toward the upper right hand corner of the Collection Letter, there is the following line: "Default Date: 12/16/13" (see Exhibit A, attached). There is also in the upper right hand area of the letter the line: "Portfolio Recovery Associates, LLC." The text of the Collection Letter stated as follows (see *id*.):

The law requires that we serve a duplicate of the summons, previously served upon you with the assigned Index # above as additional notice.

You can avoid the entry of judgment by contacting our office and making satisfactory arrangements to pay this account, or you can follow the instructions on the summons if you dispute any part of the claim.

15. The legal requirement referred to in the May 21, 2015 Collection Letter is apparently a default judgment requirement contained in New York Civil Practice Laws and Rules (CPLR) § 3215, Default Judgment. CPLR 3215(g), subd. 3(i) and subd. 3(ii) provide, in relevant part, as follows, with regard to such a letter:

> (i) When a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment, by mailing a copy of the summons by first-class mail to the defendant at his place of residence in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt. . . .
> (ii) The additional notice may be mailed simultaneously with or after service of the summons on the defendant. An affidavit of mailing pursuant to this paragraph shall be executed by the person mailing the notice and shall be filed with the judgment. . . .

16. Therefore, the Collection Letter was sent to Mitrano together with the duplicate summons required by CPLR § 3215 in connection with default judgments. In the Collection Letter, "Default Date" is not identified as any particular kind of default; it just reads "Default Date" followed by the date 12/16/13. The "Default Date" of 12/16/13 stated in the Collection Letter (Exhibit A) is over a year before the collection lawsuit was even served, and may represent the date on which the collection defendant is alleged to have defaulted on making payments on the alleged credit card debt sued for in the collection action, but appears to be completely unrelated to defaulting in the lawsuit itself. The inclusion of the default date for what may represent the default on the credit card

4

account in the Collection Letter sent with the duplicate summons apparently provided for the purpose of complying with default judgment requirements pursuant to CPLR § 3215 is deceptive and confusing to the least sophisticated consumer, who would not understand that the default date does not represent a default in the lawsuit. However, just including a default date that was prior to the lawsuit in a collection letter sent together with the duplicate summons required by the default judgment provisions of CPLR § 3215 could make it appear to an unsophisticated consumer that he or she had already defaulted on the lawsuit.

17. Moreover, as stated above, the Collection Letter provides that to avoid the entry of judgment, the consumer can either make satisfactory arrangements to pay the account or follow the instructions on the summons if any part of the claim is disputed. (Exhibit A). The collection summons (included with Exhibit A) states that if the summons is personally served, then you must appear and answer with 20 days after such service, or if served by any means other than personal delivery, then 30 days after completion of service (Exhibit A, summons). Again, since the summons was served on or about May 18, 2015, and the default date set forth in the Collection Letter was December 16, 2013, an unsophisticated consumer could easily determine that he or she had already defaulted on the lawsuit and there was no opportunity to appear and answer because there was already a default.

18. Moreover, just the fact that a default date which may be based on the date of default in paying on a credit card is placed in a collection letter sent with a duplicate summons transmitted for the purpose, at least in part, of complying with CPLR § 3215, a default judgment provision, is deceptive and confusing, since the date of defaulting on

the credit card account has nothing to do with the date of defaulting on the collection action.

19. Furthermore, the directive in the Collection Letter on how to avoid the entry of judgment indicates that the collection defendant is limited to two choices: 1) contact Forster & Garbus to make satisfactory arrangements to pay the account, or 2) follow the instructions on the summons if you dispute any part of the claim. This directive is tantamount to legal advice inappropriate for Portfolio and Forster & Garbus to provide to the defendant in the collection action. It is also highly deceptive for limiting the possible options to the collection defendant to the two options stated, and failing to provide the actual range of options that might be available to a defendant in the collection action. In addition, the phrase "you can follow the instructions on the summons if you dispute any part of the claim" also appears to severely restrict the manner in which the collection defendant can actually dispute the collection claim, i.e., the collection defendant is limited to "follow the instructions on the summons." The phrase "if you dispute any part of the claim" is conclusory and ambiguous as to what a dispute of the claim might look like. An unsophisticated consumer that believes he or she was limited as set forth in the collection letter would not realize that additional viable options might include contacting an attorney to determine the alleged debtor's rights; hiring an attorney to represent the collection defendant's rights (which was done in Mitrano's situation after he was served and received the Collection Letter); filing for bankruptcy protection; challenging Portfolio's standing and ownership of the account (which was successfully done in this matter after Mitrano obtained counsel); interposing other affirmative defenses; with regard to a judgment-proof collection defendant, choosing to neither make payments nor

6

respond to the summons; defending and pushing the matter to mandatory arbitration or trial thereby requiring Portfolio to meet its burden of proof to demonstrate its claims; and other possible options. The Collection Letter is highly deceptive in limiting the collection defendant's options to either paying the claim or following the instructions in the summons, when other possible viable options exist that include neither option offered by the Collection Letter; or limiting the options of a disputing the claim to "following the instructions in the summons," or failing to set forth viable options that may include some manner of disputing the claim but in a way not at all evident to an unsophisticated consumer based on the conclusory and ambiguous option, "you can follow the instructions on the summons if you dispute any part of the claim."

20. The language in the collection letter that "The law requires that we serve a duplicate of the summons, previously served upon you with the assigned index # above as additional notice" clearly suggests that the Collection Letter and its contents are required by law when in fact only the duplicate of the summons is required by law, not the Collection Letter. Thus, an unsophisticated consumer could be led to believe that the language in the collection letter regarding its options to avoid the judgment, as well as the default date set forth in the collection letter, were mandated by law.

21. Mitrano brought a motion for summary judgment in the collection action in Supreme Court, Wayne County, based on Portfolio's lack of standing and inability to prove that it was the owner of any credit card account on which Mitrano was liable. Because Portfolio failed to prove with admissible evidence that it owned any credit card debt on which Mitrano was liable, Portfolio lacked standing to file the collection action against Mitrano on the credit card debt alleged in the complaint.

22. Supreme Court, Wayne County granted Mitrano's motion for summary judgment for lack of standing by an Order entered January 27, 2016.

23. Portfolio was unable to prove that it had standing to bring the collection claim against Mitrano or that it owned any credit card debt on which Mitrano was liable.

24. As stated above, the caption in the Supreme Court, Wayne County collection claim against Mitrano designated the plaintiff as *Portfolio Recovery Associates, LLC A/P/O Dell Financial Services.* The term "A/P/O" is short for "as purchaser of." Therefore the caption on the summons as well as on the complaint in the collection claim set forth a plaintiff called "Portfolio Recovery Associates, LLC as purchaser of Dell Financial Services."

25. Upon information and belief, Portfolio Recovery Associates, LLC never purchased Dell Financial Services, and furthermore, Dell Financial Services is not an actual entity.

26. The designation of the plaintiff in the collection claim is therefore inaccurate, deceptive, and confusing. Such a plaintiff does not actually exist.

27. An unsophisticated consumer that was a defendant in the collection action would be confused by such a designation, and would not know who the plaintiff was – whether it was Portfolio Recovery Associates, LLC; Dell Financial Services; Portfolio Recovery Associates, LLC as the purchaser of Dell Financial Services; a legal entity named Portfolio Recovery Associates, LLC A/P/O Dell Financial Services; or otherwise. The consumer could easily be deceived into believing that the original creditor was bringing the collection claim rather than a debt buyer in its own name, or that Portfolio Recovery Associates, LLC was authorized as the purchaser of Dell Financial Services to

8

bring the collection claim without any transfer of the disputed account to Portfolio.

Moreover, the term "A/P/O" is not a recognized legal term, and there is no legitimate

basis for putting this term in the caption.

**CLAIM FOR RELIEF**

28.    Mitrano repeats and realleges and incorporates by reference the above

paragraphs of the Complaint as if set forth fully in this Count.

29.    The Collection Letter to Mitrano set forth a default date that may have

represented the date for defaulting on a credit card account, rather than a default date

relating to a default judgment.  The Collection Letter contained the following language:

> You can avoid the entry of judgment by contacting our office and making
> satisfactory arrangements to pay this account, or you can follow the instructions
> on the summons if you dispute any part of the claim.

30.    Such "Default Date" in the Collection Letter comprised a deceptive,

misleading representation or means in connection with the collection of credit card debts

by Portfolio and Forster & Garbus in violation of 15 U.S.C. § 1692e and 15 U.S.C. §

1692e(10); and also constitutes an unfair or unconscionable means to collect or attempt to

collect a debt in violation of 15 U.S.C. § 1692f.  As set forth above, it is deceptive and

unfair to include as the default date in each letter the date on which the collection

defendant allegedly defaulted in payment on the credit card debt, when the collection

letter accompanies the duplicate summons required by CPLR § 3215 in connection with

default judgments.   Thus the default date has nothing to do with default on the lawsuit,

but rather default on payments, thus is confusing and deceptive and unfair.  Using a date

of default that was well before the lawsuit was even filed could lead an unsophisticated

9

consumer to believe that he or she had already defaulted on the lawsuit and could not defend against the lawsuit, causing a material risk of harm to Mitrano, who could as a result fail to act in his own best interests by, e.g., failing to consider such options as defending the collection action, seeking legal advice, and other options.

31. Furthermore, the language in the Collection Letter on how to avoid the entry of judgment constitutes a deceptive, misleading representation or means in connection with the collection of credit card debts by Portfolio and Forster & Garbus in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10); and also constitutes an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f. As shown above, the Collection Letter advised Mitrano that he was limited to two choices: 1) contact Forster & Garbus to make satisfactory arrangements to pay the account, or 2) follow the instructions on the summons if you dispute any part of the claim. This language amounts to deceptive, improper legal advice that is inappropriate. The language is highly deceptive and unfair for stating that there are only the two limited options to avoid a judgment, and when in fact there is a range of options that might be available to a defendant in the collection action. The phrase "you can follow the instructions on the summons if you dispute any part of the claim" also deceptively limits the manner in which the collection defendant can actually dispute the collection claim, i.e., the false claim that collection defendant is limited to "follow the instructions on the summons." The phrase "if you dispute any part of the claim" is conclusory and ambiguous as to the nature of a dispute. As a result of receiving this information, Mitrano, an unsophisticated consumer, suffered the material risk of harm that he would believe he was limited to the two options and fail to consider additional viable options

that might include contacting an attorney to determine the alleged debtor's rights; retaining an attorney to represent the collection defendant's rights; filing for bankruptcy protection if appropriate; challenging Portfolio's standing and ownership of the account (which was successfully done in this matter after Mitrano obtained counsel); interposing other affirmative defenses; for a judgment-proof collection defendant, choosing to neither make payments nor respond to the summons; defending and pushing the matter to mandatory arbitration or trial based on the probability that Portfolio could not or might not produce admissible evidence in support of its claim or could not or would not produce a witness; and other possible options. The Collection Letter is highly deceptive in limiting the collection defendant's options to either paying the claim or following the instructions in the summons, when other possible viable options exist that include neither option offered by the Collection Letter; or limiting the options of disputing the claim to "following the instructions in the summons," or failing to set forth viable options that may include some manner of disputing the claim but in a way not at all evident to an unsophisticated consumer based on the conclusory and ambiguous option, "you can follow the instructions on the summons if you dispute any part of the claim."

32. The language in the collection letter that "The law requires that we serve a duplicate of the summons, previously served upon you with the assigned index # above as additional notice" clearly suggests that the Collection Letter and its contents are required by law when in fact only the duplicate of the summons is required by law, not the Collection Letter. Such language would be deceptive, confusing and misleading to Mitrano. Mitrano suffered the material risk of harm of being led to believe that the language in the collection letter regarding the options to avoid the judgment, as well as

11

the default date set forth in the collection letter, were mandated by law thus limiting his options to respond to the collection suit. Such language therefore violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) regarding deceptive practices; and also constitutes an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f. In essence, Defendants have used the requirement that a duplicate of the summons be mailed to the collection debtor as an opportunity to send a deceptive collection letter that causes a material risk of harm.

33. Portfolio violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Portfolio misrepresented in the collection complaint that it owned a credit card debt on which Mitrano was liable for $3,650.31, when in fact it could not show at the time of filing or at any time thereafter that it was the owner of any such debt in the amount of $3,650.31 owed by Mitrano, or was ever assigned such debt, or had standing to sue to collect such debt.

34. Portfolio additionally violated 15 U.S.C. § 1692e by designating the plaintiff in the caption of the collection claim as Portfolio LLC A/P/O Dell Financial Services, which deceptively and misleadingly represented that Portfolio purchased Dell Financial Services, and was suing in the capacity of a purchaser of Dell Financial Services when in fact it was not. In addition, an unsophisticated consumer could easily be confused by such a designation, and would not know if the plaintiff was Portfolio Recovery Associates, LLC; Dell Financial Services; Portfolio as the purchaser of Dell Financial Services; a legal entity named Portfolio Recovery Associates, LLC A/P/O Dell Financial

12

Services; or otherwise.

35. Portfolio violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Mitrano the character, amount and legal status of the alleged debt. Portfolio falsely represented in the collection complaint that it owned and was assigned the alleged debt in the amount of $3,650.31. In fact, Portfolio had no basis for asserting such ownership in such amount, and therefore no legal basis on which to ever attempt collection of the debt in that amount. By virtue of the foregoing representations in the collection complaint, Portfolio also violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

36. Portfolio also violated Section 1692e(2)(A) of the FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer. Portfolio's claim that it was the purchaser of the original creditor also violated 15 U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to collect or attempt to collect a debt.

37. Portfolio violated 15 U.S.C. § 1692e(14) with its claim in the caption to be "Portfolio Recovery Associates, LLC A/P/O Dell Financial Services," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

38. Portfolio violated 15 U.S.C. § 1692f, which provides in relevant part: "§1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect

or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Portfolio violated the general application of § 1692f because it did not own the credit card debt alleged to be owed by Mitrano in the collection complaint, and had no basis on which to collect on the amount alleged in the complaint. Portfolio also violated the specific conduct prohibited by § 1692f(1) because there was no agreement that authorized Portfolio to collect any amount from Mitrano.

39. As a result of foregoing violations of the FDCPA associated with deceptively identifying the plaintiff in the collection lawsuit and deceptively claiming that Portfolio owned a credit card debt on which Mitrano was liable, Mitrano as an unsophisticated consumer suffered a material risk of harm that compromised his ability to respond to the lawsuit, identify the actual Plaintiff, identify the original creditor, or identify viable options for dealing with the lawsuit.

40. In addition, as a result of the above violations of the FDCPA, Portfolio is liable to Mitrano for his actual damages for the cost of attorney fees in defending the lawsuit in Supreme Court in the amount of $750.00 plus RJI fees of $95.00 plus motion fees of $45.00, statutory damages of $1,000.00, and costs and attorney fees for prosecuting this action.

41. As a result of Defendants' deceptive and unfair debt collection practices in violation of 15 U.S.C. 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, Mitrano has been injured in fact, i.e., suffered the actual harms and material risks of harm as set forth above.

14

As a result, Defendants Portfolio and Forster & Garbus are liable to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages of $890.00.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

C. For such other and further relief as may be just and proper.

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 17, 2016

Respectfully submitted,

s/David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
2129 Five Mile Line Road
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com